# EXHIBIT 1



# Notice of Service of Process

**NTP / ALL**
**Transmittal Number:** 22445091
**Date Processed:** 12/17/2020

| | |
|---|---|
| **Primary Contact:** | WF West - WF Bank<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |
| **Entity:** | Wells Fargo & Company<br>Entity ID Number 2324995 |
| **Entity Served:** | Charles W. Scharf CEO and President, Wells Fargo & Company |
| **Title of Action:** | Billy Dixon vs. Wells Fargo Bank |
| **Matter Name/ID:** | Billy Dixon vs. Wells Fargo Bank (10750107) |
| **Document(s) Type:** | Interrogatories |
| **Nature of Action:** | Contract |
| **Court/Agency:** | New York County Supreme Court, NY |
| **Case/Reference No:** | 160028/2020 |
| **Jurisdiction Served:** | New York |
| **Date Served on CSC:** | 12/15/2020 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | Charles W. Scharf CEO and President, Wells Fargo & Company |
| **How Served:** | Client Direct |
| Sender Information: | Billy Dixon<br>405-519-4003 |
| **Client Requested Information:** | Matter Management User Groups: [DNA NV]<br>Routing Rules (CSC): R1652<br>Classification: Standard |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** NEW YORK
-----------------------------------------------------------------X
BILLY DIXON

       Plaintiff/Petitioner,

 - against -           Index No.
WELLS FARGO BANK, N.A.

       Defendant/Respondent.
-----------------------------------------------------------------X

## NOTICE OF ELECTRONIC FILING
(Mandatory Case)
(Uniform Rule § 202.5-bb)

**You have received this Notice because:**

 1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

 2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
**You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

 **If** you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.

 The **benefits of participating in e-filing** include:

   - serving and filing your documents electronically

   - free access to view and print your e-filed documents

   - limiting your number of trips to the courthouse

   - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: November 19, 2020

# Billy Dixon

           Name

Pro Se

        Firm Name

505 W 37th St., #2108

New York, NY 10018

        Address

(405) 519-4003

        Phone

bdixon0504@yahoo.com

        E-Mail

To: Wells Fargo Bank, N.A.

2/24/20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | | |
|---|---|---|
| BILLY DIXON, | ) | **SUMMONS** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -against- | ) | Index No. _____/\_\_\_\_ |
| | ) | |
| Wells Fargo Bank, | ) | _____, 2020 |
| | ) | Date Index No. Purchase |
| Defendant. | ) | |
| | ) | |

To the Person(s) Named as Defendant(s) above:

PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to appear in this action by serving an Answer to the Complaint and notice of appearance on the plaintiff(s) at the address: 505 W 37th St., #2108 New York, NY 10018, and to do so within 20 days after the service of this Summons (not counting the day of service itself) and Complaint, or within 30 days after service is complete if the Summons and Complaint is not delivered personally to you within the State of New York.

YOU ARE HEREBY NOTIFIED THAT should you fail to answer the Complaint or appear, a judgment will be entered against you by default for the relief demanded below.

Dated: November 20, 2020

/s Billy Dixon
Billy Dixon
Pro Se

Defendant(s) Wells Fargo, 2711 Centerville Road, Suite 400, Wilmington, New Castle County, Delaware 19808

Notice: The nature of this action is an action for conversion, fraud and unfair and deceptive acts related to your wrongful closure of an account I opened, and for your refusal to acknowledge the true reason for closure

The relief sought is money damages in excess of $100,000

Should defendant(s) fail to appear herein, judgment will be entered by default for the sum of $100,000, with interest form the date of November 16, 2020, and the costs of this action.

Venue:

      Plaintiff designates New York County as the place of trial. The basis of this designation is

x Plaintiff(s) residence in New York County
☐ Defendant(s) residence in Queens County
☐ Other [See CPLR Article 5]:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| BILLY DIXON, ) | |
| ) | |
| Plaintiff, ) | Index No. _____/____ |
| ) | |
| -against- ) | |
| ) | |
| Wells Fargo Bank, ) | **COMPLAINT** |
| ) | |
| Defendant. ) | |
| ) | |

TO THE SUPREME COURT OF THE STATE OF NEW YORK

The Complaint of Plaintiff, appearing pro se, respectfully shows and alleges and show as follows:

### **PARTIES AND JURISDICTION**

1. Plaintiff is a citizen and resident of New York County, New York. Plaintiff is a "consumer" under New York Consumer Protection and Unfair Trade laws.

2. Defendant Wells Fargo Bank, National Association ("Wells Fargo") is a company organized and existing under the laws of a state other than New York, and does business through its agents and employees throughout New York County and New York State. Wells Fargo is a financial services company with $1.5 trillion in assets, and provides banking, insurance, investments, mortgage, and consumer and commercial finance through more than 9,000 locations, 12,000 ATMs, and the Internet. It has approximately 265,000 full-time employees, and its parent company was ranked 26th on Fortune Magazine's 2018 rankings of America's 500 largest corporations.

3. This Court has jurisdiction over the subject matter herein and the parties hereto.

## NATURE OF THE ACTION

4. This action involves the unexplained and fraudulent closing of an account opened by Plaintiff at a Wells Fargo branch in New York County. Since at least 2015, Defendant has faced numerous investigations – both criminal and civil – into the wrongful and fraudulent opening and closing of consumer accounts. These investigations have harmed Defendant's reputation, and cost Defendant nearly four billion dollars in fines and penalties.

5. In 2013, Plaintiff opened a checking account at Wells Fargo with $750 in U.S. Dollars. Defendant willfully accepted Plaintiff's money, opened an account, and issued Plaintiff a debit card to be used at points of sale and ATM locations for access to his money.

6. Plaintiff's first attempt to use the debit card failed and when he contacted Defendant, a Wells Fargo employee informed Plaintiff that Defendant closed his the account due to suspected fraudulent activity. Plaintiff went to his Wells Fargo branch and requested a return of his $750 immediately but was informed that he would be mailed a check in 2 to 4 weeks. Plaintiff ultimately received his funds via check from Defendant in more than 3 weeks.

7. Prior to its closure by the Defendant, Plaintiff had not used the account, and did not engage in any fraudulent activity. Plaintiff's inquiries into the true reason for closure were ignored by Defendant. Due to the closure of the account, Plaintiff was unable to secure an apartment he found for rent and was forced to search for another apartment in New York City while working a full time job. Plaintiff lived in temporary housing (at an increased weekly rate over what he arranged for rent) for another 90 days.

8. In 2020, Defendant delivered, via FedEx overnight delivery to Plaintiff, a letter and a check notifying Plaintiff, and admitting for the first time, that Defendant wrongfully closed

Plaintiff's account. Plaintiff looked into the matter and learned that Defendant's actions with regard to bank accounts such as his – closing/freezing a consumer's account while stating that it was for suspected fraud but without evidence of any actual fraud, and withholding money from the consumer without reason – were a common practice of Defendant's. In fact, Defendant faced investigations into the practice by the Consumer Financial Protection Bureau, a fact it disclosed in 2018 and 2019, in filings made with the Securities and Exchange Commission.

9. On information and belief, in 2019 or 2020, Defendant acknowledged to the Consumer Financial Protection Bureau and the Department of Justice that it wrongfully and fraudulently closed accounts such as Plaintiff's and in the same manner it did Plaintiff's. Defendant has not made full disclosure about this practice to Plaintiff or others and it is Plaintiff's belief that the failure to fully disclose this is an effort by Defendant to hide its bad acts from the public, including former customers harmed by Defendant's conduct.

### FACTUAL ALLEGATIONS

10. According to litigation filed in another jurisdiction by a former Wells Fargo employee, Wells Fargo wrongfully closed accounts like Plaintiff's rather than investigating if fraud actually occurred. Plaintiff engaged in this course of conduct to save money on investigations. This practice was widespread throughout Defendant branches.

11. When Wells Fargo opens a new account or commences new banking services for a customer it receives a "consumer report," as that term is defined in 15 U.S.C. § 1681a(d)(1), on the customer.

12. On information and belief, Wells Fargo obtains consumer reports via ChexSystem, Inc. According to ChexSystems' website, it "is a consumer-reporting agency governed by the federal Fair Credit Reporting Act (FCRA) and other laws."

13. On information and belief, Wells Fargo reports information about a consumer and the closure of his or her account to ChexSystem, Inc. The reporting of such information is governed by 18 U.S.C. § 1005.

14. Customers whose accounts were closed in the same manner as Plaintiff suffer significant harm in numerous ways from Wells Fargo's fraudulent practices, including but not limited to the following: (a) customers will have false and harmful information reported to ChexSystems, harming the customers' ability to obtain accounts at other banks; and (b) customers lose the ability to access money that is unquestionably their money until Wells Fargo processes the customers' refund. But for Wells Fargo's practices, its customers would not have suffered derogatory references on their credit reports, or lost the use of their money.

15. Astonishingly, Wells Fargo hid this practice from customers and continues to hide the facts about their actions from customers affected by the practice.

16. Wells Fargo knew or should have known that its employees were wrongfully closing accounts without cause, and that it was withholding money from customers without cause.

17. Despite Wells Fargo's knowledge of the wrongful closure of accounts by its employees, it has done little, if anything, to remedy these practices. While Wells Fargo has sent out letters and checks to those affected, those efforts have been, at most, cosmetic, and ultimately benefit Wells Fargo by creating the illusion that it had taken some action to address the problem when, in fact, it had not.

18. On information and belief, Defendant reported false, negative information about the closure of his account to ChexSystems.

## FIRST CAUSE OF ACTION
(Violation of the Consumer Protection from Deceptive Practices Act)

19. Plaintiff realleges the allegations set forth above as if repeated verbatim herein.

20. Wells Fargo engages in substantial sales and marketing of its financial products and services within the State of New York. These actions, along with decisions to close accounts, are aimed at consumers.

21. Wells Fargo's unlawful, unfair, and fraudulent business acts and practices, as described above, include, but are not limited to, wrongfully closing accounts without reason, consent, knowledge, or authorization of Plaintiffs, and wrongfully reporting information about those accounts to third parties. The Defendant's acts and practices were misleading in a material way.

22. Plaintiff has been damaged by these practices.

23. Wells Fargo's conduct, as described herein, violates New York consumer protection law, the criminal laws of the United States, and laws that regulate against unfair and deceptive acts.

24. Plaintiff has suffered an ascertainable loss due to the unlawful actions of Wells Fargo, entitling Plaintiff to recover actual damages in an amount to be proven at trial, punitive damages, and an award of attorney fees and costs if any are incurred.

## SECOND CAUSE OF ACTION
(Conversion)

25. Plaintiff realleges the allegations set forth above as if repeated verbatim herein.

26. Plaintiff deposited money that belonged to him in a Wells Fargo bank. Wells Fargo intentionally, or without authorization, cut off Plaintiff's access to his money when it closed the account.

27. Defendant's actions interfered with Plaintiff's right to his property and excluded him from accessing and using his money.

28. At all times relevant to this action, Plaintiff had the right to possess, access, and use his money.

29. Defendant's actions caused damage to Plaintiff in an amount to be determined by the trier of fact.

### THIRD CAUSE OF ACTION
(Fraud)

30. Plaintiff realleges the allegations set forth above as if repeated verbatim herein.

31. Defendant's representation that it closed Plaintiff's account for fraudulent activity was a representation of a material fact.

32. Defendant's representation about the reason for closing Plaintiff's account the was untrue.

33. Defendant knew the representation was untrue when making the representation.

34. The representation was made with the intent to deceive Plaintiff and to make Plaintiff not ask questions or seek relief earlier than the filing of this suit. Defendant made this representation to induce Plaintiff to accept the closure without complaint or inquiry.

35. Plaintiff justifiably relied on the representation of Defendant regarding his account.

36. Plaintiff suffered damage when he relied on Defendant's false statement, causing damage to Plaintiff.

37. Plaintiff has suffered an ascertainable loss due to the fraud committed by Wells Fargo, entitling Plaintiff to recover actual damages in an amount to be proven at trial, as well punitive damages to deter Defendant's conduct.

## **FOURTH CAUSE OF ACTION**
(Consumer Fraud)

38. Plaintiff realleges the allegations set forth above as if repeated verbatim herein.

39. Defendant engaged in a consumer oriented misleading practice related to the closure of Plaintiff's account and withholding his money from him.

40. Defendant's misleading practice injured Plaintiff.

41. Defendant's actions caused damage to Plaintiff in an amount to be determined by the trier of fact.

Plaintiff requests judgments against Defendants as follows:

A. Declaring Wells Fargo's actions to be unlawful;

B. Permanently enjoining Wells Fargo from performing further unfair and unlawful acts as alleged herein;

C. For all recoverable compensatory, statutory, and other damages sustained by Plaintiff, including disgorgement, and all other relief allowed under applicable law;

D. For costs;

E. For both pre-judgment and post-judgment interest on any amounts awarded;

F. For treble damages insofar as they are allowed by applicable laws;

G. For payment of attorneys' fees and expert fees, if incurred to prosecute this action as may be allowable under applicable law; and

H. For such other and further relief, including declaratory relief, as the Court may deem proper.


Plaintiff hereby demands a trial by jury on all issues so triable.

/s Billy Dixon
Billy Dixon
505 W 37th St., #2108
New York, NY 10018
(405) 519-4003
Pro Se

November 19, 2020.