UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
BILLY DIXON,                                                           :
                                                                       :
                              Plaintiff,                               :
                                                                       :         21 Civ. 10 (JPC)
               -v-                                                     :
                                                                       :         <u>ORDER</u>
WELLS FARGO BANK, N.A.,                                                :
                                                                       :
                              Defendant.                               :
                                                                       :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      On October 14, 2021, the Court granted Wells Fargo's motion to compel arbitration and stayed all claims against Wells Fargo. Dkt. 27 at 10. On January 19, 2022, after Plaintiff did not initiate arbitration, the Court again ordered Plaintiff "to initiate arbitration for any claims that he wishes to prosecute." Dkt. 30. Three months later, on April 15, 2022, it appeared that Plaintiff still had not initiated arbitration. Dkt. 32. So on that date, the Court gave Plaintiff one week to file a letter addressing whether he has initiated an arbitration proceeding for any claims in this case. *Id.* The Court ordered that if Plaintiff did not intend to initiate arbitration, then "Plaintiff must show cause for why the Court should not dismiss this case for failure to prosecute." *Id.* Plaintiff never filed the required letter. So on June 2, 2022, the Court again ordered the Plaintiff to inform the Court of his intent to proceed with the case. Dkt. 33. The Court again warned Plaintiff that if he "fail[ed] to inform the Court of his intent to proceed with this case and show cause why his action should not be dismissed, then the Court may dismiss this action for failure to prosecute without further notice." *Id.* at 2. Plaintiff has still not filed the required letter and it does not appear that Plaintiff has initiated an arbitration proceeding. *See* Dkt. 34.

      When, as here, a plaintiff has failed to prosecute his case or comply with court orders, a

court may dismiss the case under Federal Rule of Civil Procedure 41(b). *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) . . . gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute . . . ."); *Lucas v. Miles*, 84 F.3d 532, 534-35 (2d Cir. 1996) ("Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action when a plaintiff fails to comply with any order of the court."). Courts must consider five factors in deciding whether to dismiss a case under Rule 41(b):

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

Here, the five factors point toward dismissing Plaintiff's case without prejudice. First, Plaintiff has ignored four of this Court's orders over many months. *See Petersen on behalf of X.P. v. Lang Sch.*, No. 21 Civ. 8683 (JPC), 2022 WL 540934, at *2 (S.D.N.Y. Feb. 23, 2022) (dismissing case brought by *pro se* plaintiff under Rule 41(b) because the plaintiff failed to comply with four court orders over several months); *Sanders v. Ramos*, No. 12 Civ. 5302 (GBD) (JCF), 2013 WL 594229, at *1 (S.D.N.Y. Feb. 14, 2013) (dismissing case brought by *pro se* plaintiff under Rule 41(b) because the "[p]laintiff ha[d] failed to comply with three court orders over the course of several months and was put on notice that failure to comply could result in dismissal"). Second, two of those orders warned Plaintiff that failure to comply would result in the case being dismissed without prejudice. *See* Dkts. 32, 33. Third, the Court may presume prejudice when a plaintiff's delay is "lengthy and inexcusable." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 256 (2d Cir. 2004). "The delay here is inexcusable: Plaintiff has not complied with the

Court's directives and has not taken any steps to advance this matter despite multiple Orders directing him to do so." *Petersen on behalf of X.P.*, 2022 WL 540934, at *2 (cleaned up). Fourth, after balancing the need to alleviate court congestion with Plaintiff's right to due process, the Court has determined that dismissal is appropriate. "Noncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." *Id.* (quotations omitted). And lastly, fifth, the Court has further considered the possibility of a less drastic sanction than dismissal; indeed, the Court continued to grant Plaintiff additional chances to comply with the Court's orders as a less drastic sanction than dismissal. After disregarding four orders, "Plaintiff appears to have abandoned the litigation, [so] dismissal is appropriate." *Id.* (cleaned up).

The Court therefore dismisses this case without prejudice. The Clerk of Court is respectfully directed to close this case and mail a copy of this order to the *pro se* Plaintiff.

SO ORDERED.

Dated: July 18, 2022
New York, New York

_____
JOHN P. CRONAN
United States District Judge